IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUES H. GEISENBERGER, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 05-5460 |
| | : | |
| ALBERTO R. GONZALES, et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                                 June 19, 2006

Jacques Geisenberger, a practicing bankruptcy attorney from Lancaster, Pennsylvania, challenges the constitutionality of certain "debt relief agency" provisions contained in the recently-enacted Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA). The Defendants, who include U.S. Attorney General Alberto Gonzales, U.S. Trustee Kelly Beaudin Stapleton, and Pennsylvania Attorney General Tom Corbett, move to dismiss the Complaint, arguing Geisenberger has failed to state a claim upon which relief can be granted.[1] I will dismiss the Complaint, not for the reasons advanced by the Defendants, but because Geisenberger lacks standing to press his claims.

The "debt relief agency" provisions of BAPCPA, codified at 11 U.S.C. §§ 526, 527, and 528, became effective on October 17, 2005. Two days later, Geisenberger filed a complaint in which he alleges portions of these sections violate the U.S. Constitution.[2] The Complaint demands declaratory

---

[1]There are two motions to dismiss. The motion filed by the Attorney General of Pennsylvania, though, incorporates, by reference, all of the applicable arguments contained in the federal Defendants' motion. Therefore, my references in this Memorandum to a "Motion to Dismiss" are to the one filed by the federal Defendants.

[2]In addition to challenging the "debt relief agency" provisions, Geisenberger alleges an amendment to 11 U.S.C. § 524 brought about by BAPCPA is unconstitutional. As amended, 11 U.S.C. § 524 requires a debtor's attorney to certify that any agreement on the part of a debtor to

judgments the complained of provisions are unconstitutional, as well a permanent injunction against their enforcement because Geisenberger alleges he "will be irreparably harmed." (Compl.)[3]

The question of whether Geisenberger has standing "is analogous . . . to the threshold question of Article III subject matter jurisdiction . . . ." *The Pitt News v. Fisher*, 215 F.3d 354, 360 (3d Cir. 2000). "The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *U.S. v. Hays*, 515 U.S. 737, 742 (1995) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-231 (1990)) (alteration in original). Although the Defendants did not actively press the issue of standing in their memorandum of law or during oral argument, I must satisfy myself there is a justiciable controversy before me.[4] Assessing the merits of Defendants' Motion to Dismiss "is a separate inquiry from the

---

reaffirm a debt represents "a fully informed and voluntary agreement by the debtor . . . [and] does not impose an undue hardship on the debtor or any dependent of the debtor . . . ." 11 U.S.C. § 524(k)(5)(A).

The portion of section 526 Geisenberger claims is unconstitutional prohibits debt relief agencies from "advis[ing] an assisted person or prospective assisted person to incur more debt in contemplation of such person filing a case under this title . . . ." 11 U.S.C. § 526(a)(4).

Section 527 of Title 11 requires attorneys to provide certain notices to a debtor and inform the debtor about how to value certain assets at "replacement value," 11 U.S.C. § 527.

Finally, to comply with section 528, Geisenberger must "'clearly and conspicuously' use the following statement in . . . advertising: 'We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code.'" 11 U.S.C. § 528(a)(4). It was apparent during oral argument Geisenberger objects most strenuously to this requirement, and Count I of his Complaint attacks it as an unconstitutional restriction on his right to advertise under the First Amendment.

In Count II, Geisenberger alleges BAPCPA unconstitutionally restricts his right to practice law in violation of the First Amendment. (This count also appears to raise a Tenth Amendment challenge as well.) Finally, in Count III, Geisenberger challenges BAPCPA on equal protection grounds.

[3]Geisenberger makes this allegation in three separate paragraphs of the Complaint.

[4]The memorandum of law in support of Defendants' Motion to Dismiss addresses the merits of Geisenberger's constitutional claims and only raises the issue of standing in a footnote. At oral argument, the Defendants pursued the same tactic and focused exclusively on the reasons the

threshold issue of Article III standing." *The Pitt News*, 215 F.3d at 360.

Article III, Section 2, of the U.S. Constitution extends the judicial power to "Cases" and "Controversies." U.S. Const. art. III, § 2. Geisenberger, as the party seeking federal jurisdiction, "bears the burden of establishing" constitutional standing – the "core component" of Article III's "case or controversy" requirement. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560-61 (1992). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)). This hurdle is not a high one because "[t]o demonstrate standing to sue, a plaintiff must only *allege* that they have suffered sufficient injury to comply with Article III's 'case or controversy' requirement." *The Pitt News*, 215 F.3d at 360. Thus, at the outset of a lawsuit, a plaintiff must establish he or she has allegedly suffered an "'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and footnote omitted). My review of the Complaint, though, reveals there is no factual predicate upon which I can conclude Geisenberger has suffered or is about to suffer an "injury in fact."

To summarize, the Complaint identifies the parties, cites the statutory provisions Geisenberger claims are constitutionally objectionable, and states he routinely counsels clients faced with debt problems. Noticeably absent from Geisenberger's pleading is an allegation the federal

---

complained of provisions are constitutional. Counsel for Pennsylvania's Attorney General, though, noted at the end of the Defendants' presentation that on January 12, 2006, one week prior to the date of oral arguments in this matter, a similar case was dismissed on standing grounds. *See In re McCartney*, ___ B.R. ___, No. 05-580001 RFH, 2006 WL 75306 (Bankr. M.D. Ga. Jan. 12, 2006).

government or the Commonwealth of Pennsylvania has threatened to enforce the "debt relief agency" provisions of BAPCPA against him.[5] "In order to present a justiciable controversy in an action seeking a declaratory judgment to protect against a feared future event, the plaintiff must demonstrate the probability of that future event occurring is real and substantial, 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Salv. Army v. Dep't Cmty. Affairs of N.J.*, 919 F.2d 183, 192 (3d Cir. 1990) (quoting *Steffel v. Thompson*, 415 U.S. 452, 460 (1974)). Quite simply, the threat of enforcement against the plaintiff must be "real and immediate." *Id.* Here, the complaint fails to satisfy even the first requirement because there is no reference to a "feared future event." Additionally, Geisenberger did not allege he sustained or is in imminent danger of suffering an economic loss from the enactment of the BAPCPA provisions he requests this Court declare unconstitutional. *Cf. The Pitt News*, 215 F.3d at 360-61 (holding newspaper that lost revenue after enactment of state law suffered an "injury in fact" sufficient to grant it standing to raise a First Amendment challenge), *Troster v. Pa. State Dep't of Corr.*, 65 F.3d 1086, 1087 (3d Cir.

---

[5]Section 526 sets forth the penalties for violating the debt relief agency provisions of BAPCPA. 11 U.S.C. § 526(c). Geisenberger's pleading, though, does not allege he has taken any action that would amount to a violation of these provisions. Thus, there is no as-applied challenge before me. I am also unwilling to construe Geisenberger's Complaint as a facial constitutional challenge because "a facial attack, since it requires unconstitutionality in all circumstances, necessarily presumes that the litigant presently before the court would be able to sustain an as-applied challenge." *City of Chicago v. Morales*, 527 U.S. 41, 78 n.1 (1999); *see also United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."), Erwin Chemerinsky, *Constitutional Issues Posed in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, 79 Am. Bankr. L.J. 571, 579 (2005) (explaining a facial challenge to invalidate 11 U.S.C. § 526(a)(4) would likely not meet with success). Additionally, the Supreme Court has expressed a strong preference for as-applied, rather than facial, challenges because "[f]acial invalidation 'is manifestly, strong medicine' that 'has been employed by the Court sparingly and only as a last resort.'" *Nat'l Endow. for the Arts v. Finley*, 524 U.S. 569, 580 (1998) (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973)).

1995) (standing to assert First Amendment claim because Plaintiff's employer threatened him with termination).[6] Moreover, "[I] need not credit a complaint's 'bald assertions' or 'legal conclusions,'" such as Geisenberger's allegations he "will suffer irreparable harm" from complying with BAPCPA. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997).

In fact, a fair reading of the Complaint reveals Geisenberger is requesting an advisory opinion from this Court. For example, Geisenberger avers "many of the provisions of BAPCPA, as enacted,

---

[6]Although Geisenberger fails to allege he will suffer economic injury, the Complaint states Geisenberger "may wish to give otherwise lawful advice to clients contemplating bankruptcy which would require the 'assisted person' to incur debt in addition to the debt the 'assisted person' already owes." (Compl. ¶ 16.C.) According to Geisenberger, "[t]his advice[, which is allegedly prohibited by 11 U.S.C. § 526(a)(4),] may be crucial to the 'assisted person's' financial well-being pre- and post-bankruptcy." (Compl. ¶ 16.D.) To the extent Geisenberger is alleging his clients may be financially harmed because he is prohibited from advising them to incur more debt, he is raising the First Amendment rights of persons who are not before me. Geisenberger's clients have a First Amendment right to receive lawful and truthful information from their attorney because "the protection afforded is to the communication, to its source and to its recipients both." *Va. State Bd. of Pharm. v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 757 (1976). Although "'article III judicial power exists only to redress or otherwise protect against injury to the complaining party,'" *Rocks v. City of Phila.*, 868 F.2d 644, 647 (3d Cir. 1989) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)), there are prudential limits on standing that, under narrow circumstances, may be extended to permit a litigant to raise the rights of a third party. *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947 (1984). More specifically, third-party standing exists if the following three criteria are satisfied:
> The litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must be some hindrance to the third party's ability to protect his or her own interests.

*Powers v. Ohio*, 499 U.S. 400, 411 (1991) (internal citations omitted). This doctrine may be relaxed in First Amendment overbreadth challenges, *Serv. Employees Int'l Union, Local 3 v. Mun. of Lebanon*, 446 F.3d 419, 423 (3d Cir. 2006), but Geisenberger has not sought to invalidate 11 U.S.C. § 526 on overbreadth grounds. Nor has he challenged the law as unconstitutionally vague. More importantly, in the absence of an alleged "injury in fact" to his own interests, Geisenberger has not satisfied the first requirement of the prudential standing doctrine. *Id.* Without standing, I am precluded from reviewing the constitutionality of 11 U.S.C. § 526(a)(4) on the merits. On its face, though, this provision is a content-based restriction on speech because it prohibits attorneys from communicating a particular message and, doctrinally, would be reviewed with heightened scrutiny.

are at best poorly worded and subject to multiple interpretations based on the facts presented by each individual client." (Compl. ¶ 4.).[7] During oral argument, Geisenberger reinforced his need for this Court to interpret BAPCPA for him and his firm by stating "this suit was brought and precipitated by the fact that we were faced as a law firm in what we could do or what we thought we could do or needed interpretation of . . . ." (Hr'g Tr. 20.) I cannot acquiesce to Geisenberger's request because "the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." *Magaziner v. Montemuro*, 468 F.2d 782, 784 (3d Cir. 1972).

Therefore, I conclude Geisenberger lacks standing to challenge the constitutionality of 11 U.S.C. §§ 524, 526, 527, and 528. Although Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), I need not reach the merits of their arguments (or Geisenberger's) because there is no justiciable controversy before me. An appropriate order follows.

---

[7]There are two paragraphs in the Complaint that are preceded by the numeral "4." This cite is to the second.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUES H. GEISENBERGER, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 05-5460 |
| | : | |
| ALBERTO R. GONZALES, et al. | : | |

## **ORDER**

AND NOW, this 19th day of June, 2006, Plaintiff's Complaint is DISMISSED for the reasons set forth in the accompanying Memorandum. Defendants' Motions to Dismiss (Documents 9 and 12) are DENIED AS MOOT.

BY THE COURT:

 /s/ Juan R. Sánchez 
Juan R. Sánchez, J.